## S94A0182. SMITH v. THE STATE.
### (442 SE2d 745)

THOMPSON, Justice.

Henry Gaston Smith was convicted of malice murder in the shooting death of his common-law wife, Cynthia Smith.[1] His sole enumeration of error on appeal is directed at the sufficiency of the evidence.

Defendant does not deny that he shot and killed the victim. He contends, however, that he did so in self-defense. Viewed in a light most favorable to the verdict, the evidence shows that Henry and Cynthia Smith had a history of violence and threats toward one another. DeKalb County police had responded on numerous occasions to domestic disputes at the Smith residence. Earlier on the day of the shooting DeKalb County police responded to a call to the residence placed by Cynthia Smith. Upon their arrival she informed the officers that her husband had locked her out of the home and that he remained inside armed with a weapon. After the officers knocked and identified themselves, defendant opened the door. He denied having a weapon. The officer suggested that one of the couple leave the residence for awhile to "cool off," but neither one was willing. The officers left the premises; no arrests were made at that time.

Cecil Wayne Wheeler, a friend of the defendant, had been working on his station wagon in the front yard of the Smith residence during the police visit. After the officers left the premises, Cynthia Smith came outside and asked Wheeler to drive her to her mother's home.

---

[1] The crime occurred on July 26, 1992. Smith was indicted on September 15, 1992 for malice murder. He was tried on March 8-12, 1993, and found guilty. He was sentenced on March 12, 1993 to life imprisonment. A motion for new trial was filed on April 6, 1993 and denied on September 24, 1993. A notice of appeal was filed on October 15, 1993 and the appeal was docketed on November 4, 1993. The case was submitted for decision on briefs on January 13, 1994.

She got in the front passenger seat, Wheeler sat in the driver's seat, and Wheeler's companion, Kathy Cobb, sat between them. The car windows were open. Wheeler began to back down the driveway when defendant came outside, walked across the yard, approached the car at the driver's window and said to Cynthia, "Come back up in the yard and let's talk about it. . . . If I wanted to kill you I would have already done it." Wheeler drove back to the front of the house. Defendant walked around to the passenger side of the car, whereupon Wheeler heard a "pop" and observed defendant walk away from the car and into the house. Cobb testified that defendant walked to the passenger side and "all of a sudden, she [Cynthia] was shot in the head." Cobb observed a gun in defendant's hand as he walked toward the house. Neither Wheeler nor Cobb had seen a gun in the vehicle. Wheeler fled on foot and summoned the police.

Police returned to the residence to investigate the shooting. Forty-five minutes had elapsed since their earlier visit. Defendant was sitting on the front steps crying. An officer approached him and inquired of Mrs. Smith's whereabouts. He pointed to the station wagon which was parked in the front yard. The officer asked defendant what had happened and he replied that "he'd shot her." Mrs. Smith was found slumped over in the front seat of the station wagon. A .38 caliber bullet had shattered her skull. Her purse was found next to the body. No weapons were found in the purse or in the car. A .38 caliber revolver, from which the fatal bullet was shown to have been fired, was found in the residence near the front door. No other weapons were found.

Defendant testified in his own defense that he shot his wife because he had reason to believe that she was going to shoot him. He admitted that he had a gun in his hand when he approached the station wagon and that the hammer was cocked.

The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the murder of Cynthia Smith.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 9, 1994.

*Abbi Susan Taylor*, for appellant.

*J. Tom Morgan*, District Attorney, *Robert E. Statham III, Thomas S. Clegg, J. George Guise*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Matthew P. Stone*, Assistant Attorney

*General,* for appellee.